IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGELA M. BROWN,            )
                            )
    Plaintiff,              )
                            )
v.                          )   CIVIL ACTION NO. 10-0629-CG-N
                            )
POSTMASTER-GENERAL PATRICK  )
R. DONAHOE,                 )
                            )
    Defendant.              )

REPORT AND RECOMMENDATION

This matter is before the court on defendant's Motion to Dismiss or for Summary Judgment (doc. 9) on the basis of lack of jurisdiction, and its Motion to Dismiss or to Strike First Amended Complaint (doc. 17). These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Upon consideration of the motions, the responses by plaintiff in opposition (docs. 15, 20), defendant's Replies (docs. 18, 25) and all pertinent portions of the record, it is the recommendation of the undersigned that the Motion to Dismiss the original complaint for lack of jurisdiction be DENIED as Moot, and that the Motion to Dismiss the Amended Complaint be GRANTED.

Background[1]

Plaintiff, Angela Brown, alleges that she was an employee of defendant, United States Postal Service ("USPS") at all relevant times. As of October 23, 2006, plaintiff held the position of Maintenance Support Clerk and was listed third on the Promotion Eligibility Register behind employees Beck Layne and Margaret McDonald.

---

[1] The allegations in this section are drawn from the pleadings, the administrative claims, the court file and the briefs of the parties.

In May 2007, an opening for a Maintenance Support Clerk became available on Tour 2, a position which allowed the employee to have weekends off. Ms. Layne was promoted to the empty position on Tour 2. The Union filed a grievance alleging that Ms. Layne was not eligible for the position because she had been only an "acting" supervisor, and requesting that the Ms. McDonald (who had apparently filed the grievance with the union) be awarded the position. Before the grievance was decided, plaintiff's department manager corrected the Register to place plaintiff above Ms. McDonald. However, the promotion was subsequently given to Ms. McDonald under the allegedly erroneous belief that Ms. McDonald was next in line for promotion. (*See* doc. 10)

Plaintiff filed two separate administrative claims with the USPS Equal Employment Opportunity ("EEO") office. The first administrative claim bore agency EEO number 4H-350-0007-07 and alleged that, on or about July 7, 2007, her supervisor discriminated against her in the promotion of the other applicant on the basis of plaintiff's race and status as a disabled veteran. (Doc. 10, Exhibit 1) The second administrative claim, which bore agency EEO number 4H-350-0100-08, complained that plaintiff was "demoted [] back to custodian" on or about May 15, 2008, for attendance issues following the denial of the promotion.[2] Id.

Plaintiff filed the instant action on November 12, 2011, alleging a violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. (Doc. 1) Plaintiff's original Complaint contained two claims: retaliation by denying plaintiff a promotion to Maintenance Support Clerk and retaliatory termination. The defendant filed a Motion to

---

[2] Plaintiff argued in the administrative proceedings that she had been emotionally damaged by the denial of the promotion and was unable to attend work. She had a medical excuse and her doctor thereafter released her to light duty. Id.

Dismiss or for Summary Judgment on the basis that plaintiff had failed to file an administrative claim with the defendant agency claiming retaliation. (Doc. 9) Defendant asserted that plaintiff had filed an administrative claim based only upon race and disability discrimination [the 07 claim]. Defendant argued that there had been no final decision by the Equal Opportunity Commission and so her federal complaint was premature and that this court lacked jurisdiction. *Id.*

On May 9, 2011, plaintiff filed an Amended Complaint (doc. 14) raising a single count of retaliation. Plaintiff also filed a Response (doc. 15) to the defendant's motion to dismiss asserting that her second administrative claim was exhausted and that the Amended Complaint referring to that claim should relate back to the filing of the original Complaint. *Id.*

As addressed below, the amended complaint contains substantially the same detailed factual allegations concerning the promotion as the original complaint; however, the amended complaint (which raises a single count of retaliation) contains no mention of any facts concerning the alleged demotion "back to custodian" in May 2008.

### Legal Standard

Defendant's first Motion to Dismiss was brought pursuant to Fed.R.Civ.P. 12(b)(1), claiming that the court lacked subject matter jurisdiction over the action because plaintiff's administrative claim of discrimination had not been exhausted. Following the filing of the Amended Complaint (doc. 14), defendant filed a second Motion to Dismiss (doc. 17) pursuant to Rule 12(b)(6) claiming that the action is time-barred.

"On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true." Stephens v. Department of Health and Human Services, 901 F.2d 1571, 1573 (11th Cir. 1990). The court is to view the facts in the "light most favorable to the plaintiff." Pielage v. McConnell, 516 F.3d 1282, 1248 (11th Cir. 2008)(*citing* Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006)).

Analysis

"Normally, an amended complaint supersedes the original complaint." Pacific Bell Tel. Co. v. Linkline Comm., Inc., 555 U.S. 438, n. 4 (2009). There is no issue in this action concerning plaintiff's right to file an amended complaint. *See* Fed.R.Civ.P. 15(a)(1)(B). Accordingly, the court's primary focus is on the amended complaint filed in this action. As the original complaint to which it applies is no longer pending, the defendant's first motion to dismiss—challenging jurisdiction over the original complaint—is Moot.[3]

The text of plaintiff's Amended Complaint leaves a certain amount of doubt whether her claim is that she was retaliated against by the *failure to promote* her <u>or</u> by her subsequent *demotion* to custodian. These are two separate events, widely separated in time and involving separate decisions, are the subjects of different EEO charges. The Amended Complaint sows confusion by the use of the term "demote" while alleging facts and using language that appear otherwise substantially identical to Count Two of plaintiff's original complaint which charged concerned the failure to promote. In addition, the Amended Complaint also cites plaintiff's

---

[3] The arguments and exhibits submitted in briefing on defendant's jurisdictional challenge to the original complaint, however, are of assistance in addressing the Motion to Dismiss concerning the very similar amended complaint, particularly on the alternative reading of the Amended Complaint and as an aid to construction of Amended Complaint based on the reason for its filing.

second administrative claim as the jurisdictional basis of the claim; that administrative claim addressed her demotion from supervisor to custodian.

Despite the confusing allegations, the court finds that the Amended Complaint states a claim for the plaintiff's 2008 demotion. However, regardless which event plaintiff seeks to raise, the outcome would be the same under either reading: as set forth below, if the Amended Complaint refers to the failure to promote, it cannot be brought following denial of an administrative claim raising her later demotion, and if the Amended Complaint instead refers to the demotion of plaintiff, it is not sufficiently related to the original claims to relate back to the filing of the original complaint under Fed.R.Civ.P. 15(c).

Relation Back

In response to the Motion to Dismiss the amended complaint, plaintiff asserts that she filed the initial complaint within ninety days of the EEOC's final decision on the second administrative claim, and that Fed.R.Civ.P. 15(c)(2) would apply to allow her amended complaint to 'relate back' to the filing of her initial complaint. (Doc. 20)

Plaintiff's Amended Complaint repeats the factual allegations of the original complaint almost *verbatim*,[4] with the following notable changes: it deleted the allegations contained in paragraphs fourteen and fifteen of the original complaint concerning her termination and an allegation that her termination was the result of retaliation for protected activities, and adds additional detail concerning the exhaustion of her administrative remedies. In addition, the two

---

[4] Paragraphs ten and eleven of the amended complaint repeat the fact that plaintiff had been moved to the second position on the Eligibility Register ahead of the employee who ultimately received the position. A new Paragraph twelve was inserted which again recites the order of the three employees in the top spots of the Eligibility Register—a fact largely irrelevant to the subsequent demotion to custodian.

sentences comprising the two counts of retaliation[5] contained in the original complaint were replaced with a single count of retaliation.

Count One of the original Complaint provided as follows:

Because of the above actions, the Defendant has engaged in retaliation in employment by <u>denying Plaintiff a promotion to the position of Maintenance Support Clerk</u>, in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

Count One of the Amended Complaint provides:

Because of the above actions, the Defendant has engaged in retaliation in employment by the decision to <u>demote Plaintiff from the position of Maintenance Support Clerk</u>, while promoting a white employee, Margaret McDonald, to that position even though Plaintiff was ranked higher on the Eligibility Register. These actions by defendant are in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

(Emphasis added).

The government's Motion to Dismiss or for Summary Judgment related to the original complaint and challenged the jurisdiction of this court on the basis of that the complaint was based on an administrative EEO claim and subsequent charge to the EEOC that had not been fully exhausted. *See* 42 U.S.C. § 2000e-5(f)(1). The Complaint did not refer to the specific administrative filing upon which the claim was based, and as the government noted, the Complaint's two counts of "retaliation" were not raised in that administrative charge.

The filing of plaintiff's Amended Complaint could be taken as effectively mooting the initial motion seeking dismissal of the original complaint. *See e.g.* <u>Trimble v. U.S. Social Security</u>, 369 Fed. Appx. 27 (11th Cir. 2010)(noting that district court denied motion to dismiss as moot upon the filing of Amended Complaint); <u>Taylor v. Alabama</u>, 275 Fed.Appx. 836 (11th

---

[5] Defendant argued in its initial motion that plaintiff did not claim retaliation in the administrative claim which defendant had originally thought was applicable to plaintiff's filing.

Cir. 2008) ("Subsequently, Plaintiffs amended their complaint and Defendants' motion to dismiss became moot."); DeSisto College, Inc. v. Line, 888 F.2d 755 (11th Cir. 1989)(noting denial as moot of motion to dismiss following filing of Amended Complaint.).  However, in this instance, the defendant's arguments concerning jurisdiction on the basis that there is no properly exhausted administrative claim remain applicable and form a parallel analytical approach to an alternative reading of the Amended Complaint.  Moreover, both plaintiff and defendant have continued to submit briefs on that motion following the filing of the Amended Complaint, inferentially indicating that they believe that the issues contained therein remain relevant to this case.

>Rule 15(c)(1)(B) provides:
>
>An amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading; … .

*See* Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) ("Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts.").  The untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type."  Davenport v. United States, 217 F.3d 1341, 1343 n. 4 (11th Cir. 2000), *cert. denied*, 532 U.S. 907 (2001).

As noted above, the Amended Complaint does not clearly describe the claim made therein.  If plaintiff's retaliation claim in the amended complaint is instead intended to address the failure to promote her, then it would indeed arise out of the same conduct, transaction or occurrence as her practically-identical claim of failure to promote contained in the original complaint.

However, despite the similarity of the language used, the court finds it more likely that the ambiguous allegations of the Amended Complaint are intended to address retaliation in the demotion of plaintiff from her supervisory position to a position as custodian.[6] As such, the allegedly retaliatory demotion took place approximately eight months after the failure to promote and represents a totally separate event. While some evidence might be relevant to both claims, plaintiff has not made an adequate showing that the 2008 demotion is so closely related to the prior failure to promote her that, despite involving different job action at widely different times, these two claims are so closely related that relation back is appropriate.

Plaintiff argues that the mere fact that the Postal Service was aware that plaintiff had filed both administrative complaints is sufficient to justify relation back. In support of this unprecedented extension of the doctrine, plaintiff cites a recent decision of the United States Supreme Court, <u>Krupski v. Costa Crociere S.p.A.,</u> 130 S.Ct. 2485 (2010). In <u>Krupski</u>, the Court considered what kind of notice was sufficient to satisfy the <u>additional</u> requirement of Fed.R.Civ.P. 15(c)(1)(C) that addresses adding a party against whom a claim is asserted by an otherwise untimely amendment of the Complaint. For such an amendment to relate back, the movant must show not only that the additional claim "arose out of the conduct, transaction, or occurrence set out…in the original pleading", Rule 15(c)(1)(B), but that the newly-added defendant "received such notice of the action that it will not be prejudiced…and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Contrary to plaintiff's assertion, <u>Krupski</u> is inapposite. Even if its

---

[6] *See* doc. 15, Response to Motion to Dismiss or for Summary Judgment, at 2.

holding went as far a plaintiff claims, it would not apply where there is no party added by the amendment which would be governed by the operative provisions of Rule (c)(1)(C).[7]

The Amended Complaint was filed on May 9, 2011. Defendant asserts that the plaintiff received the Notice of Final Action concerning her second administrative claim on September 9, 2010. Plaintiff does not contest this assertion, and the date appears consistent with the time the decision was issued. The Amended Complaint was not filed within 90 days of the receipt of the Notice of Final Action. Without relating back to the original Complaint, the Amended Complaint is untimely, and is barred by the limitations period applicable to Title VII actions.

## Jurisdiction

Plaintiff does not contest defendant's assertion that plaintiff failed to exhaust the administrative remedies in relation to her first administrative complaint and that only the second administrative complaint can therefore be used to satisfy the exhaustion requirements of Title VII. *See* Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (Before suing under Title VII, plaintiff must first exhaust administrative remedies by filing timely charge of discrimination with EEOC, *citing* 42 U.S.C. § 2000e-5).

It is clear that the only EEO charge which plaintiff exhausted was based on her demotion to custodian in 2008. Plaintiff's Amended Complaint alleges that she was retaliatorily demoted but is not timely and does not relate back to filing of the original Complaint. Thus, even if the court construed plaintiff's ambiguous Amended Complaint as raising a claim based on the failure to promote her in 2007, plaintiff would again face the jurisdictional requirement that she first exhaust her administrative remedies. The failure-to-promote claim is not mentioned in plaintiff's second administrative charge; the fact that plaintiff exhausted her administrative remedies on that

---

[7] There is, in an amendment raising a new claim, no "mistake concerning the party's identity."

9

administrative charge can not and does not satisfy the jurisdictional requirement for this separate claim.[8]

Conclusion

For the foregoing reasons, it is hereby RECOMMENDED that the defendant's Motion to Dismiss or for Summary Judgment for Lack of Subject Matter Jurisdiction (doc. 9) be DENIED as Moot; that defendant's Motion to Dismiss or to Strike Amended Complaint (doc. 17) be GRANTED; and that judgment be entered in favor of the defendant in this action.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 29th day of June, 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] As a precondition to filing suit in federal court, Title VII requires a plaintiff to exhaust all administrative remedies. *See* Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976). "A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action." Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). If a plaintiff fails to exhaust administrative remedies, the federal court lacks subject matter jurisdiction over the plaintiff's claim. Randel v. U.S. Dept. of the Navy, 157 F.3d 392, 395 (5th Cir. 1998). If a plaintiff does not raise a particular claim in her EEOC charge, the plaintiff has failed to exhaust that claim and cannot then raise it in her complaint. That is, the complaint must be within the scope of the EEOC charge and EEOC investigation. Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir. 1985). This case does not present an issue of whether the non-exhausted claims were or should have been within the scope of the investigation of the plaintiff's second administrative claim. *See* id.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. ' 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE